IVAN ALEXANDER CASTRO ESCOBAR

                *Petitioner,*

V.

MARKWAYNE MULLIN *Secretary of the Department of Homeland Security*, TODD M. LYONS, *Acting Director, United States Immigration and Customs Enforcement*, in their official capacity, KENNETH GENALO, *Field Office Director of the New York Field Office of U.S. Immigration and Customs Enforcement*, in their official capacity, in their official capacity, RAUL MALDONADO JR., *Warden of the Metropolitan Detention Center*, in their official capacity

                *Respondents.*

**Case File No: 1:26-cv-1795**

**PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

1. Petitioner Ivan Alexander Castro Escobar ("Petitioner"), (A241-102-159), by and through his undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his unlawful detention by the United States Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is a native and citizen of El Salvador who has been present in the United States since 2015.

2. Petitioner is currently detained at the Metropolitan Detention Center in Brooklyn, New York, within the Eastern District of New York. On information and belief, Respondents are detaining Petitioner under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission." However, Petitioner is not an "applicant for

1

admission" within the meaning of that statute. Petitioner has been placed in full removal proceedings under INA § 240, and was served with a Notice to Appear ("NTA") charging him with removability under INA § 212(a)(6)(A)(i) as an individual present in the United States without being admitted or paroled. His detention is properly governed by 8 U.S.C. § 1226(a), which affords him the right to an individualized custody determination and the opportunity for a bond hearing before an Immigration Judge.

3. Until recently, noncitizens in Petitioner's position have been able to seek bond before the Executive Office for Immigration Review ("EOIR"), as their detention is clearly discretionary under 8 U.S.C. § 1226. DHS has recently altered its interpretation of the government's detention authority during the pendency of removal proceedings to require mandatory detention of all noncitizens charged with entering the United States without inspection, subjecting millions of noncitizens such as Petitioner to mandatory prolonged detention without opportunity for release on bond, allegedly under 8 U.S.C. § 1225, no matter how long they have resided in the country.

4. The plain language of § 1225 does not apply to Petitioner, and the denial of a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment. An overwhelming majority of federal courts to consider the question have held that 8 U.S.C. § 1225(b)(2) does not authorize mandatory detention of noncitizens like Petitioner who entered the United States without inspection and have been residing in the country for an extended period, as opposed to "arriving aliens" presenting themselves at a port of entry. *See Ye v. Maldonado*, No. 25-CV-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025); *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025); *Sarmiento Guerrero v. Noem*, No.

2

25-cv-05881, 2025 WL 3214787 (E.D.N.Y. Nov. 18, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025); *Tumba Huamani v. Francis*, No. 25-cv-8110, 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025).

5. Petitioner asks this Court to find that Respondents' detention of Petitioner is unlawful, to order his immediate release, or, in the alternative, an order directing Respondents to provide him with a prompt, constitutionally adequate, and individualized custody determination before a neutral decision maker with authority to order his release.

## JURISDICTION AND VENUE

6. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

8. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

9. A petition for a writ of habeas corpus under 28 U.S.C. § 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). Federal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

10. Although certain provisions of the INA limit judicial review of discretionary custody determinations, *see* 8 U.S.C. § 1226(e), those provisions do not preclude habeas review of constitutional claims, questions of law, or challenges to the legal basis for detention itself. Petitioner does not ask this Court to review or second guess any discretionary bond decision. Rather, he challenges Respondents' authority to detain Petitioner without any individualized custody determination and the constitutionality of prolonged detention without meaningful review. Such claims fall within the scope of habeas review. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018).

11. Venue is proper in this District because Petitioner is currently in Respondents' custody within the Eastern District of New York at the Metropolitan Detention Center in Brooklyn, New York. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Venue is further proper because a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District. 28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

12. The Court must grant the petition for writ of habeas corpus or issue an order to show cause to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

13. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative

4

remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963). Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## PARTIES

14. Petitioner is a native and citizen of El Salvador. He entered the United States without inspection in 2015. He is the proud father of three children here in the United States, two of whom are U.S. citizens.

15. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. He is sued in his official capacity. Secretary Mullin has authority over immigration enforcement, including the policies and practices that have resulted in Petitioner's continued detention.

16. Respondent Todd Lyons is the Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

17. Respondent Kenneth Genalo is the Field Office Director of the New York Field Office of U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

18. Respondent Raul Maldonado Jr. is the Warden of the Metropolitan Detention Center, Brooklyn, and is the individual currently exercising custodial control over Petitioner. He is sued in his official capacity.

## STATEMENT OF FACTS

19. Petitioner is a native and citizen of El Salvador. He entered the United States in 2015 without inspection. He has resided in the United States continuously since his arrival. Petitioner is the proud father of three children, two of whom are U.S. citizens.

20. On February 7, 2026, DHS detained Petitioner and served him with a Form I-862, Notice to Appear, charging him with removability pursuant to INA § 212(a)(6)(A)(i), in that he was present in the United States without admission or parole.

21. Upon information and belief, the Petitioner was detained by DHS agents after a vehicle stop. Upon information and belief, the arresting officers were not aware of the Petitioner's identity or immigration status prior to conducting the roadside stop.

22. On February 26, 2026, Petitioner requested a custody redetermination hearing before an Immigration Judge, based on his *Maldonado Bautista* class membership. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). The request was filed with the Elizabeth, New Jersey Immigration Court, as he was detained at Delaney Hall Detention Facility at that time.

23. On February 26, 2026, the Immigration Court docketed the Petitioner's Custody Redetermination Hearing to occur before an Immigration Judge on March 5, 2026.

24. On March 3, 2026, the Petitioner was transferred to the Metropolitan Detention Center in Brooklyn, New York.

25. On March 5, 2026, Petitioner's counsel withdrew the Petitioner's Request for Custody Redetermination, as he was outside the jurisdiction of the Elizabeth, New Jersey Immigration Court.

26. On March 6, 2026, the United States Court of Appeals for the Ninth Circuit granted an administrative stay of the district court's vacatur order in *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), and limited the declaratory judgment's application to the Central District of California.

6

27. The Petitioner has been detained at the Metropolitan Detention Center since March 3, 2026.

28. On information and belief, Respondents are detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) on the theory that he is an "applicant for admission" subject to mandatory detention. However, Petitioner entered the United States in 2015, was placed in full removal proceedings under INA § 240, and has been residing in the United States for over a decade. He is not an "arriving alien" and is not "seeking admission" at a port of entry. Because Petitioner's removal proceedings are ongoing, he is not subject to an administratively final order of removal.

29. Respondents have not conducted any individualized assessment as to whether Petitioner poses a flight risk or danger to the community to justify his continued detention. Petitioner has been denied any meaningful opportunity to contest the basis for his detention before a neutral decision maker since that day.

## **LEGAL FRAMEWORK**

30. The INA generally provides for three forms of civil detention for noncitizens in removal proceedings. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens arrested "on a warrant" pending the resolution of standard removal proceedings before an Immigration Judge. *See* 8 U.S.C. § 1229(a). Unless they have been arrested, charged with, or convicted of certain enumerated crimes, which would subject them to mandatory detention until their removal proceedings are concluded, *see* 8 U.S.C. § 1226(c), an individual detained under § 1226(a) can be released by ICE on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(1); 8 C.F.R. § 236.1(c)(8). If release is denied by ICE, the detainee can seek a custody redetermination before an Immigration Judge at the outset of their detention. *See* 8 C.F.R. §§

1003.19(a), 1236.1(d). At the hearing, the noncitizen may present evidence to show they are not a flight risk or danger to the community and should therefore be released on bond.

31. Second, the INA imposes mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and of an "applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" under § 1225(b)(2). Individuals detained under § 1225(b) receive no bond hearing, *see* 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV), (b)(2)(A), and can only be released under humanitarian parole at the arresting agency's discretion. *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018); 8 U.S.C. § 1182(d)(5).

32. Lastly, and not relevant here, the INA provides for detention of noncitizens who have been issued a final order of removal. *See* 8 U.S.C. § 1231(a).

33. This case concerns the mandatory versus discretionary detention provisions under § 1225(b)(2) and § 1226(a). For nearly thirty years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those noncitizens arrested within the interior of the United States. The Supreme Court in *Jennings* explicitly adopted this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." *Jennings*, 583 U.S. at 289. Although the *Jennings* Court characterized § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identified § 1226(a) as the "default rule" for the arrest, detention, and release of noncitizens who are already present in the United States. *Id.* at 303.

34. Courts have given great weight to the manner in which DHS treated the petitioner in determining which detention statute applies. *See Lopez Benitez*, 795 F. Supp. 3d at 487 (holding that § 1225 did not apply because DHS had consistently treated the petitioner as subject to discretionary detention under § 1226(a) and because the "plain text, overall structure, and uniform case law interpreting" the statutory provision compelled that conclusion). Here, Petitioner was placed in removal proceedings under INA § 240 and charged with removability under INA § 212(a)(6)(A)(i) as an individual present in the United States without admission or parole. The NTA reflects that DHS exercised its authority under § 240 to place Petitioner in removal proceedings, not under § 235 to process him as an applicant for admission.

35. Respondents' longstanding practice has been to apply § 1226(a) to noncitizens like Petitioner, who are charged as removable under INA § 212(a)(6)(A)(i).

36. The statutory structure confirms this reading. If the government's reading of § 1225 were correct, "it would have made no sense for Congress to enact a special provision implementing mandatory detention for certain noncitizens meeting specific criminal criteria" under § 1226(c), because "mandatory detention would have already applied to each such noncitizen regardless of their criminal history." *Tumba Huamani v. Francis*, No. 25-cv-8110, 2025 WL 3079014, at *4 (S.D.N.Y. Nov. 4, 2025); *see also Ye v. Maldonado*, 2025 WL 3521298, at *4 (E.D.N.Y. Dec. 8, 2025) (adopting the same reasoning and holding that the government's interpretation of § 1225 is "entirely inconsistent" with the broader statutory scheme); *Sarmiento Guerrero v. Noem*, 2025 WL 3214787, at *3 (E.D.N.Y. Nov. 18, 2025) (same).

9

37. Furthermore, "a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226," so if a petitioner was "detained pursuant to one provision, [he] cannot be subject to the other." *Lopez Benitez*, 795 F. Supp. 3d at 485. *See also Chipantiza-Sisalema v. Francis*, No. 25-CV-5528, 2025 WL 1927931 (S.D.N.Y. July 13, 2025).

38. Accordingly, Petitioner's detention is properly governed by 8 U.S.C. § 1226(a), and he is entitled to an individualized custody determination and a bond hearing before an Immigration Judge. Under 8 C.F.R. § 1236.1(d)(1), Immigration Judges have the general authority to grant bond to noncitizens in removal proceedings under INA § 240. Respondents' detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) exceeds their statutory authority and violates the INA.

39. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

40. Federal courts in this District and elsewhere have repeatedly held that the government's detention of noncitizens "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond, violates [their] due process rights." *Ye v. Maldonado*, No. 25-CV-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025); *O.F.B. v.*

*Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Artiga v. Genalo*, No. 25-cv-05208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *see also Valdez v. Joyce*, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025).

41. Even if Section 1225 applied to Petitioner's detention, which it does not, Petitioner would still be entitled to due process before the government detained him. *See J.G.I. v. Genalo*, No. 26-CV-581 (AMD) (E.D.N.Y. Feb. 2026) ("Under either section of the INA, the government has unlawfully detained the petitioner . . . because it denied him due process."). The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

42. Under the *Mathews v. Eldridge* balancing test, 424 U.S. 319 (1976), all three factors weigh in Petitioner's favor. The first factor, the private interest affected, weighs heavily in Petitioner's favor, as "the private interest affected by the official action is the most significant liberty interest there is—the interest in being free from imprisonment." *Black*, 103 F.4th at 151 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). The second factor, the risk of erroneous deprivation through the procedures used, also weighs in Petitioner's favor, as he has been erroneously subjected to mandatory detention under § 1225. The risk of erroneous deprivation through continued detention without future ability for an individualized assessment is high. The third factor, the government's interest, is weak. Petitioner's mandatory detention is not authorized by § 1225, serves no legitimate purpose, and amounts to punitive detention warranting habeas relief.

11

43. To the extent Respondents argue that Petitioner must exhaust administrative remedies before seeking habeas relief, such exhaustion is excused.

44. Judicial exhaustion may be excused when "available remedies provide no genuine opportunity for adequate relief" or exhaustion "would be futile." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). Both exceptions apply here.

## CLAIMS FOR RELIEF

### FIRST CLAIM
### Violation of the Immigration and Nationality Act

45. Petitioner repeats and realleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

46. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility. As relevant here, it does not apply to those who previously entered the country and have been residing in the United States prior to being detained by Respondents. Such noncitizens are detained under § 1226(a), unless they are subject to § 1225(b)(1), § 1226(c), or § 1231.

47. Respondents' detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) exceeds their statutory authority and violates the INA. Petitioner's detention is properly governed by 8 U.S.C. § 1226(a), and he is entitled to an individualized custody determination and a bond hearing before an Immigration Judge.

### SECOND CLAIM
### Violation of the Due Process Clause of the Fifth Amendment (Procedural Due Process)
### 5 U.S.C. §§ 702, 706

48. Petitioner repeats and realleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

49. The Due Process Clause of the Fifth Amendment protects all "person[s]" from deprivation of liberty "without due process of law." The Due Process Clause entitles Petitioner to a meaningful process assessing whether his continued detention is justified. Detaining Petitioner without a prospective opportunity to contest his detention in front of a neutral decision maker, after he has been living in the United States for over a decade with no criminal record, provides insufficient process and violates the Due Process Clause of the Fifth Amendment of the Constitution.

## THIRD CLAIM
### Violation of the Due Process Clause of the Fifth Amendment (Substantive Due Process)
### 5 U.S.C. §§ 702, 706

50. Petitioner repeats and realleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

51. Petitioner is not a flight risk nor is he a danger to the community. Petitioner has resided in the United States for 11 years, is a loving father, has no criminal record, and is a valued member of his community. Respondents' detention of Petitioner is therefore unjustified and unlawful. Accordingly, Petitioner is being detained in violation of his Constitutional right to due process under the Fifth Amendment.

## FOURTH CLAIM
### Violation of the Administrative Procedure Act ("APA")

52. Petitioner repeats and realleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

53. Respondents' detention without bond of Petitioner is arbitrary and capricious. The APA requires the Court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §

13

706(2)(A). APA claims are cognizable on habeas. 5 U.S.C. § 703 (providing that judicial review of agency action under the APA may proceed by "any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus"). The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702.

54. Respondents' conduct is not in accordance with law and in excess of statutory authority in violation of the APA.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause directing Respondents to show cause why a writ of habeas corpus should not be granted within three days;

(3) Issue a Temporary Restraining Order enjoining Respondents from transferring Petitioner outside of this District;

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(5) Grant the writ of habeas corpus and order Petitioner's immediate release from custody, or, in the alternative, order that Petitioner receive an individualized bond hearing before an Immigration Judge within fourteen days, at which the government must bear the burden of showing, by clear and convincing evidence, that Petitioner presents a flight risk or threat to the community that cannot be mitigated by reasonable conditions of supervision or monetary bond;

(6) Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Xavier A. Palacios, Esq.
PALACIOS LAW GROUP
15 Roslyn Road
Mineola, NY  11501
Attorney for Petitioner

Dated: March 26, 2026

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>

I represent Petitioner, Ivan Alexander Castro Escobar, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.