

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

March 27, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *Ivan Alexander Castro Escobar v. Mullin, et. al.*, No. 26-cv-1795 (SJB)

Dear Judge Bulsara:

This Office represents the Respondents in the above-captioned case in which Petitioner Ivan Alexander Castro Escobar ("Petitioner") filed a petition for a writ of habeas corpus on March 26, 2026 challenging his detention by Immigration and Customs Enforcement ("ICE). *See* Docket Entry ("DE") No. 1 (the "Petition"). Respondents respectfully submit this letter and accompanying Declaration in response to the Court's March 26, 2026 Order and the Petition.

The legal issues presented in this action concern whether Petitioner's detention violates his procedural and substantive due process rights, and the Immigration and Nationality Act ("INA") under the Administrative Procedure Act, 5 U.S.C. § 701 et. seq ("APA"). Petitioner principally seeks an order from this Court directing ICE to immediately release him from detention.

**<u>Detention Background</u>**:

As set forth in the attached Declaration of Deportation Officer Patrick Heerey ("DO Heerey"), dated March 27, 2026 ("Heerey Decl."), Petitioner entered the United States without inspection on an unknown date, place and time. *See* Heerey Decl. ¶ 5. On February 7, 2026, DO Heerey ran a license plate check on a vehicle being operated by the Petitioner and conducted a roadside stop after information revealed that it was registered to an individual who had a final order of removal. *See* Heerey Decl. ¶ 6. After ICE conducted a record check of the Petitioner and made a determination that Petitioner did not have lawful status in the United States, ICE issued a I-200 Warrant of Arrest of Alien on the same date. *See* Heerey Decl. ¶ 6 & Ex. A. At the scene of the vehicle stop, Petitioner admitted to being a citizen and national of El Salvador without current lawful status in the United States who illegally entered the country through the Mexican border. *See* Heerey Decl. ¶ 6. Petitioner was then arrested by the ICE officer and transported to the Nassau County ICE Intake Facility in East Meadow, New York (the "ICE Intake Facility"), where he was processed, served with the arrest warrant, and afforded the opportunity to make a phone call. *See* Heerey Decl. ¶¶ 8-10. On same date, the Petitioner was placed into removal proceedings with the issuance and service of a Notice to Appear ("NTA"), Form I-862, charging inadmissibility

pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General of the United States of America. *See* Heerey Decl. ¶ 9 & Ex. B. Petitioner was served with a copy of the NTA at the ICE Intake Facility. *See* Heerey Decl. ¶ 10 & Ex. B. After processing, on February 7, 2026, Petitioner was transported to Nassau County Correctional Center, where he stayed from February 7, 2026 until February 10, 2026. *See* Heerey Decl. ¶ 11. On February 10, 2026, he was transferred to Delaney Hall Detention Facility in Newark, New Jersey and remained there until February 26, 2026. *See* Heerey Decl. ¶ 12. On February 26, 2026, Petitioner was transferred to Brooklyn Metropolitan Detention Center ("Brooklyn MDC"), where he remains currently detained. *See* Heerey Decl. ¶ 13. ICE has been made aware of the Court's order prohibiting transfer of Petitioner to a facility outside of this district and the Southern District of New York.

## Discussion Regarding the Merits of the Petition[1]

The statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). In sum and substance, Petitioner alleges that his detention violates his due process rights and his detention violates the INA because he is subject to 8 U.S.C. § 1226, not 8 U.S.C. § 1225. As noted, this Court has already resolved nearly identical claims in prior cases.

Respondents are aware of this Court's decisions in similar matters. *See for e.g., Gopie v. Lyons, et. al.*, 2025 WL 3167130 (E.D.N.Y. November 13, 2025) (Bulsara, J.) and *Rodriguez-Acurio v. Noem, et.al.*, 2025 WL 3314420 (E.D.N.Y. November 28, 2025) (Choudhury, J.). While Respondents respectfully disagree with the Court's assessment of the § 1225/§ 1226 issue, they acknowledge that, should the Court follow its prior precedent here, that would be dispositive. Thus, to conserve judicial resources and to expedite the Court's consideration of this case, the government respectfully adopts its previous arguments in *Gopie* and *Rodriguez-Acurio* and submits that the Court can decide this matter without further briefing or a hearing. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

On February 6, 2026, the Court of Appeals for the Fifth Circuit, while not binding on this Court, held that the government's interpretation of 8 U.S.C. § 1225 was correct. *Buenrostro-*

---

[1] This Office notes that it filed similar letters as this with Your Honor in several other matters, including, *inter alia*, *Flores-Linares v. Bondi, et. al.*, No. 26-cv-298 (Bulsara, J.) on January 20, 2026; *Argueta v. Francis, et.al.*, No. 26-cv-408 (Bulsara, J.) on January 26, 2026; *Delarca-Avila v. Bondi, et al.*, No. 26-cv-0543 (Bulsara, J.), on February 2, 2026; *Rivera Orellana v. Noem, et al.,* No. 26-cv-0574 (Bulsara, J.), on February 3, 2026; *Romero v. Bondi, et.al*. 26-796 (Bulsara, J.) on February 13, 2026. *Sandoval v. LaRocco, et al.,* No. 26-cv-00832 (Bulsara, J.) on February 13, 2026; *Magana v. Joyce, et.al*. No. 26-CV-835 (Bulsara, J.) on February 13, 2026; *Antonio Benitez v. Genalo, et al.,* No. 26-cv-1122 (Bulsara, J.) on February 27, 2026; *Omar Abreu v. Genalo, et al.,* No. 26-cv-1181 (Bulsara, J.) on March 4, 2026; *Andrade Escobar v. Mullin, et. al.*, No. 26-cv-1661 (Bulsara, J.) on March 20, 2026.

*Mendez v. Bondi*, 166 F. 4th 494 (5th Cir. 2026). On March 25, 2026, the Eighth Circuit Court of Appeals became the second U.S. Court of Appeals to hold that the government's interpretation of 8 U.S.C. § 1225, which mandates detention of non-citizens falling under its scope, is correct. *See Joaquin Herrera Avila v. Bondi et al.*, No. 25-cv-3248, 2026 WL 819258, \*4 (8th Cir. Mar. 25, 2026) ("While ultimately 'Congress's purpose matters far less than what it wrote,' the purpose here nevertheless 'confirms what the statutory text already makes clear,' which is that § 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States.") (quoting *Buenrostro-Mendez,* 166 F.4th at 508). Respondents further note that a number of decisions in this Circuit have endorsed the Government's interpretation of the relevant statutory provisions and have ruled in the government's favor on this issue. *See Saamishvili v. Flanagan, et al.*, No. 25-cv-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026) (Cogan, J.), *appeal filed* Feb. 12, 2026; *Alvarado Quezada v. Francis,* No. 26-cv-387, 2026 WL 380711, at \*4 (S.D.N.Y. Feb. 11, 2026) (Cronan, J.)*; Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at \*8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at \*1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at \*2 (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.); *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at \*7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), notice of appeal filed Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at \*8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), notice of appeal filed Jan. 15, 2026. In addition to pending appeals by petitioners regarding the denials of habeas petitions as noted above, the Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). The *Cunha* appeal is proceeding on an expedited track and is scheduled for oral argument on April 6, 2026.

To the extent that an APA claim is asserted by the Petitioner for a purported violation of the INA, these statutes are not the proper vehicle for Petitioner's claims arising out of his detention, which drives this suit. In *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025), in which claims including due process claims were brought under the APA, the INA and various habeas provisions, the Supreme Court held that where the claims for relief, as here, "necessarily imply the invalidity of their confinement," regardless of whether he requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. *Id.* (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim — though they fail for the reasons discussed above—and are not cognizable under the INA or the APA.  Further, by the APA's terms, it is available only for agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, Petitioner's APA claims are independently barred by this limitation. As noted by Justice Kavanaugh's concurrence in *J.G.G.*, "given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another adequate remedy in court, I agree with the Court that habeas corpus, not the APA, is the proper vehicle here." *J.G.G.*, 604 U.S.at 674 (Kavanaugh, J. concurring). Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention.

Accordingly, Respondents have no objection to the Court deciding the petition on the submissions in lieu of a hearing.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    */s/ Robert W. Schumacher*
Robert W. Schumacher
Assistant United States Attorney
(631) 715-7871
robert.schumacher@usdoj.gov

cc:    Xavier A. Palacios, Esq.
*Counsel for Petitioner*