UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IVAN ALEXANDER CASTRO ESCOBAR
           *Petitioner,*

        v.

MULLIN *et al.*,
           *Respondents.*

---

Civil Action No.  26-cv-1795
DECLARATION OF DEPORTATION OFFICER
PATRICK HEEREY

Pursuant to 28 U.S.C. § 1746, I, Patrick Heerey, declare under penalty of perjury that the following is true and correct:

1.      I am a Deportation Officer ("DO") at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served in this capacity since June 2009. As a Deportation Officer, I am responsible for identifying and apprehending at-large unlawfully present aliens in the United States.

2.      I have access to the electronic records and databases that are maintained by DHS and ICE in the ordinary course of business. These records and databases were prepared at or near the time of events detailed therein and were prepared by individuals who either had personal knowledge of the information contained therein or were provided with information from an individual with personal knowledge of that information.

3.      I have prepared this declaration based on my review of these records and databases, my personal involvement in and knowledge of the arrest, and my conversations with the arresting officers, including officers and task force officers from ICE Enforcement and Removal Operations ("ERO") and Customs & Border Protection ("CBP"). Ivan Alexander Castro Escobar ("Petitioner") is a native and citizen of El Salvador and has been assigned alien number **241 102 159**.

1

4.      I received training on arrests, including Fourth Amendment probable cause training, and I received refreshed training biannually.

5.      DHS records state that Petitioner entered the United States at an unknown date, place, and time, and Petitioner entered the United States without inspection.

6.      On February 7, 2026, I ran license plates checks on a vehicle in Uniondale, New York. At that time, license plate check of the vehicle Petitioner was driving revealed that the registered owner had a final order of removal. As such, I conducted a vehicle stop with fellow ERO and CBP officers. I approached the vehicle, identified myself as being with ICE. I asked the driver for his identification. The driver provided me with an identification card issued from El Salvador. I passed this identification document to Supervisory Detention and Deportation Officer Michael Damiano ("SDDO Damiano") who returned to his vehicle to run checks while I continued my field interview with the driver. I asked the Petitioner about his immigration status, and he stated he was a citizen and national of El Salvador who entered the United States by illegally crossing the Mexican border. Checks from DHS databases revealed that Petitioner was present in the United States without any lawful status. Upon receiving this information, SDDO Damiano signed an I-200 Warrant for Arrest of Alien. *See* Exhibit A. I then informed Petitioner he was under arrest at 8:20 a.m. Petitioner was thereafter transported to 100 Carman Avenue, East Meadow, New York (the "ICE Intake Facility") for processing by ICE Officers, where he arrived at approximately 8:40 a.m.

7.      The Petitioner was arrested and detained pursuant to INA Section 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A) pending the resolution of removal proceedings. Since the Petitioner is being detained pursuant to INA Section 235(b)(2)(A), 8 USC Section 1225(b)(2)(A), assessments of flight risk/danger to the public were not made.

8.     During processing at the ICE Intake Facility, the Petitioner was afforded the opportunity to use the telephone, and he contacted an unknown acquaintance.

9.     On February 7, 2026, the Petitioner was placed into removal proceedings with the issuance and filing of a Form I-862 Notice to Appear ("NTA"), charging inadmissibility pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General of the United States of America. *See* Exhibit B, a copy of the NTA.

10.    ICE served the Petitioner with a copy of the arrest warrant, NTA, and a list of free legal services at the ICE Intake Facility on February 7, 2026, while being processed at the ICE Intake Facility. Detainees are regularly served with an arrest warrant during processing as opposed to at the scene of the arrest to protect the arresting officers' safety.

11.    On February 7, 2026, at approximately 12:35 p.m. Petitioner was taken to Nassau County Correctional Center where he was detained until February 10, 2026.

12.    On February 10, 2026, at approximately 9:30 a.m., Petitioner was transferred to the Delaney Hall Detention Facility in Newark, New Jersey and he remained there until February 26, 2026.

13.    On February 26, 2026, Petitioner was transferred to Brooklyn MDC, where he remains currently detained.

I hereby declare under the penalty of perjury that the above statements are true and correct.

Executed at New York, New York
this 27th day of March 2026.

PATRICK J
HEEREY

Digitally signed by PATRICK
J HEEREY
Date: 2026.03.27 11:43:45
-04'00'

Patrick Heerey
Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security