UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IVAN ALEXANDER CASTRO ESCOBAR,

                   Petitioner,

        v.

MARKWAYNE MULLIN et al.,

                   Respondents.
-----------------------------------------------------------------X

**ORDER**
26-CV-1795-SJB

**BULSARA, United States District Judge:**

Petitioner Ivan Alexander Castro Escobar ("Petitioner"), a citizen of El Salvador who has lived in the United States since 2015 was arrested on February 7, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers during a vehicle stop. (Pet. for Writ of Habeas Corpus filed Mar. 26, 2026 ("Pet."), Dkt. No. 1 ¶¶ 1, 20–21; Resp'ts' Letter filed Mar. 27, 2026 ("Resp'ts' Letter"), Dkt. No. 6 at 1). He is currently detained at the Metropolitan Detention Center in Brooklyn. (Pet. ¶ 2; Resp'ts' Letter at 2). Respondents identify no criminal history associated with Petitioner. For the reasons explained below, the writ is provisionally granted.

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 2), despite the fact that Petitioner has been in the United States since 2015, (Pet. ¶ 1). The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is seeking admission to the United States, (Resp'ts' Letter at 2 (citing 8 U.S.C. § 1225(b)(2)(A))), notwithstanding that they have been living here for months, if not years. The vast majority of courts in this District have rejected

this argument.  *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025)

("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of

their text and the overall statutory scheme, is that section 1225 governs detention of

non-citizens seeking admission into the country, whereas section 1226 governs

detention of non-citizens already in the country. . . . This Court has similarly been

unable to identify any authority to support Respondents' expansive interpretation of §

1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL

3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is

detained subject to Section 1226, not Section 1225.  In so holding, the Court joins the

hundreds of district court decisions that have rejected Respondents' expansive

interpretation of Section 1225 as inconsistent with the plain text and overall structure of

the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694,

at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No.

25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's

new position that *all* noncitizens who came into the United States illegally, but since

have been living in the United States, *must be detained* until their removal proceedings

are completed—has been challenged in at least 362 cases in federal district courts.  The

challengers have prevailed, either on a preliminary or final basis, in 350 of those cases

decided by over 160 different judges sitting in about fifty different courts spread across

the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582,

2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Although Respondents claim to have pulled over Petitioner on the grounds that he was driving a vehicle that belonged to an individual with a final order of removal, (Resp'ts' Letter at 1; Decl. of Patrick Heerey ("Heerey Decl."), attached to Resp'ts' Letter, Dkt. No. 6-1 ¶ 6), Respondents fail to produce any such order here. And Respondents' papers suggest that ICE issued Petitioner a Notice to Appear ("NTA"), placing him into removal proceedings, after they arrested him. (*See* Heerey Decl. ¶ 9; NTA, attached to Heerey Decl. as Ex. B, Dkt. No. 6-2). Respondents do not provide information as to the time the NTA was issued, but the NTA was issued on the same date Petitioner was arrested. (NTA at 1). And it was issued in East Meadow, where Petitioner was processed *after* he was arrested in Uniondale. (*Id.;* Heerey Decl. ¶ 6). The Court notes that the post-arrest issuance of an NTA may raise an independent basis for granting the writ, but does not reach the issue here. *See Gopie v. Lyons*, No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025).

Respondents submit that the Court can decide this matter on the submissions. (Resp'ts' Letter at 4). The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under Section 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.

The writ is provisionally granted. Respondents are directed to effectuate Petitioner's release by **March 27, 2026 at 11:59 P.M.** and file a letter on the docket confirming Petitioner's release by that time. Respondents are enjoined from detaining Petitioner absent further direction from this Court. Respondents may not use ICE ankle

monitors or similar technology to monitor Petitioner, because the Court has granted the writ, and is not resolving this petition on an intermediate basis by imposing bail conditions.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: March 27, 2026
Central Islip, New York

4